```
                  UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


TOY BURTRON MADDEN,          :    CIVIL NO. 4:05-CV-1741
                             :
       Petitioner            :    (Judge McClure)
                             :
    v.                       :    (Magistrate Judge Smyser)
                             :
RONNIE R. HOLT, Warden,      :
                             :
       Respondent            :
```

## REPORT AND RECOMMENDATION

Toy Burtron Madden filed a habeas corpus petition in this court on August 26, 2005. He is a federal prisoner. He was convicted in the United States District Court for the District of Maryland of bank robberies. Bank robbery is prohibited under 18 U.S.C. § 2113. The penalty provided for, upon a conviction, is a term of imprisonment of up to 20 years. § 2113(a). In addition, the law authorizes a three year term of supervised release. 18 U.S.C. § 3583. Petitioner Madden was sentenced to two concurrent terms of 20 years. He was sentenced to a term of supervised release of three years.

The petitioner has not used a form 28 U.S.C. § 2241 habeas corpus petition form.  In his petition, he presents claims relating to the lawfulness of the sentence that he received and claims relating to the effectiveness of the representation provided for him by his attorney.

The petitioner is a prisoner at the Federal Correctional Institution at Schuylkill, Minersville, Pennsylvania, in the Middle District of Pennsylvania.  His petition was filed here.  The warden of that institution is the named respondent.  The petitioner paid the filing fee. An order was issued to the named respondent, Ronnie R. Holt, Warden, F.C.I. Schuylkill, to file a response to the petition.

A response to the petition on behalf of the named respondent was filed on September 28, 2005.  Doc. 7.  The response asserts that the petition should be dismissed on the grounds that the District Court for the Middle District of Pennsylvania does not have jurisdiction.  The petitioner filed a reply on October 13, 2005.  Doc. 8.

The petitioner was convicted in 1994 in the United States District Court for the District of Maryland of two robberies of the Maryland National Bank in Baltimore in 1992 and in 1993.  His conviction was affirmed by the Fourth Circuit Court of Appeals.  *United States v. Madden, 83 F. 3d 417 (4th Cir.), cert. denied, 519 U.S. 898 (1996)*.  He has also filed additional challenges to his conviction and sentence in the Fourth Circuit and in the Third Circuit.

28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> . . . .
>
> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by

3

>     motion is inadequate or ineffective to test the
>     legality of his detention.

The types of claims that the petitioner is raising in this case are the types of claims that, unless a § 2255 motion is inadequate or ineffective, should be brought by way of a § 2255 motion in the district court of conviction.

To be able to bring a § 2241 petition for a writ of habeas corpus, as the petitioner has sought to do here, the petitioner must establish that the remedy by a § 2255 motion is inadequate or ineffective to test the legality of his detention.  The "inadequate or ineffective" language in § 2255 has been strictly construed. *See Application of Galante*, 437 F.2d 1164, 1165-66 (3d Cir. 1971)(unfavorable legal standards prevailing in circuit where sentencing court located does not render § 2255 remedy inadequate or ineffective); *Millan-Diaz v. Parker*, 444 F.2d 95, 97 (3d Cir. 1971)(doubts about the administration of a § 2255 motion in a particular case do not make the remedy inadequate or ineffective); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)(even if the

sentencing court incorrectly disposes of a proper motion under § 2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition).  A motion under § 2255 is inadequate or ineffective only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Galante, supra*, 437 F.2d at 1165 (quoting *Leguillou, supra*, 212 F.2d at 684).

28 U.S.C. § 2255 establishes a one-year statute of limitations applicable to § 2255 motions.  Also, before a second or successive § 2255 motion may be considered by the district court, it must be certified by a three judge panel of the court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative" *Id.* at 538.

In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), the Third Circuit addressed the issue of when a prisoner may bring a § 2241 habeas petition after being denied leave to file a successive § 2255 motion. *Dorsainvil* involved a prisoner who sought to bring a successive § 2255 motion on the basis of the United States Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995). In *Bailey* the Court held that a defendant may not be convicted of using a firearm under 18 U.S.C. § 924(c) unless the government proves that the defendant "actively employed the firearm during and in relation to the predicate crime." After the *Bailey* decision the petitioner in *Dorsainvil* filed an

6

application to file a successive § 2255 motion claiming that on the basis of *Bailey* he was imprisoned for conduct that the Supreme Court had determined is not illegal.  The Third Circuit held that a prisoner who was convicted and filed his first § 2255 motion before the *Bailey* decision may not file a second § 2255 motion based on *Bailey* because the second motion does not meet the stringent requirements created by the Antiterrorism and Effective Death Penalty Act for filing a second § 2255 motion. *Id*. at 248.  The Third Circuit went on to indicate that although a prisoner may not file a second § 2255 motion based on *Bailey* he may file a 28 U.S.C. § 2241 habeas corpus petition.  *Id*. at 251.  However, the Third Circuit cautioned that:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.  However, allowing someone in Dorsainvil's unusual position – that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively – is hardly likely to undermine the gatekeeping provisions of § 2255.

7

119 F.3d at 251.

In the instant case, the petitioner is not in a position similar to the petitioner in *Dorsainvil*. As for claims of ineffective assistance of counsel, the claims that the petitioner raises in the instant petition could have been included in the petitioner's first § 2255 motion. The fact that the trial court denied the petitioner's prior § 2255 motion, that the petitioner may now be barred from filing a second § 2255 motion by the one-year statute of limitations or that the petitioner may not be able to meet the stringent gatekeeping requirements in order to file a second § 2255 motion does not render § 2255 inadequate or ineffective to test the legality of the petitioner's detention. *Cradle*, *supra,* 290 F.3d at 539.  As for the *Booker* claims, *Booker* is not retroactive.  *Lloyd v. United States*, 407 F.3d 608, 614-616 (3d Cir. 2005).  Accordingly, the petitioner may not present his claims in a 28 U.S.C. § 2241 habeas petition.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

>  ***/s/ J. Andrew Smyser***
>  J. Andrew Smyser
>  Magistrate Judge

Dated:    November 18, 2005.