IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOY BURTRON MADDEN, : | |
| : | Case No. 4:05-CV-1741 |
| Petitioner, : | |
| : | (Judge McClure) |
| v. : | |
| : | (Magistrate Judge Smyser) |
| RONNIE R. HOLT, Warden, : | |
| : | |
| Respondent : | |

**O R D E R**

December 8, 2005

**BACKGROUND:**

On August 26, 2005, petitioner Toy Burtron Madden, filed a petition for writ of habeas corpus. Madden's petition states that he is relying on the Great Writ of the Common Law and he cites to the suspension clause, Art. I, Sec. 9, cl. 2 of the United States Constitution for support for jurisdiction.[1] Madden's petition asserts:

---

[1] The clerk docketed the petition as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and the Magistrate Judge analyzed the petition as a motion under 28 U.S.C. § 2241. Whether the petition is filed pursuant to the common law or the statutory authority provided in 28 U.S.C. § 2241, because Madden has not shown that a motion under section 2255 would be inadequate or ineffective the analysis is the same in this case. See, e.g., United States v. LaPorta, 20 F. Supp. 2d 530, 533 (W.D.N.Y. 1998) ("The failure to utilize a statutory avenue for post-conviction relief is not the situation the Supreme Court had in mind when it stated that the All Writs Act provides courts with the authority to issue writs not otherwise

(1) that he should be provided relief via the Great Writ and not a motion under 28 U.S.C. § 2255 because he is alleging treaty violations; (2) the holding of Booker v. United States, 543 U.S. 220 (2005), should apply retroactively to his case;[2] (3) that because of the holding in Booker, Madden is actually innocent; and (4) that he received ineffective assistance of counsel.

Madden is a federal prisoner. In 1994, Madden was convicted in the United States District Court for the District of Maryland of bank robberies in violation of 18 U.S.C. § 2113. After exhausting direct review, Madden filed a series of post-conviction challenges in the courts of the Third and Fourth Circuits. The instant petition is his most recent challenge.

The petition was initially referred to United States Magistrate Judge J. Andrew Smyser.

On November 18, 2005, the magistrate judge issued a nine-page report recommending that the petition be dismissed and the case file be closed. Magistrate Judge Smyser recommends that the petition be dismissed without

---

covered by statute.")

[2] Even if we were to consider the merits of Madden's petition, this claim is wholly without merit. The Magistrate Judge correctly notes that the holding of Booker is not to be retroactively applied. Lloyd v. United States, 407 F.3d 608, 614-16 (3d Cir. 2005).

considering the substantive merits of the claims because they may be considered only in a motion filed pursuant to 28 U.S.C. § 2255.

On or about November 28, 2005, Madden filed a "Protest to the Entire Report and Recommendation Motion to Dismiss Petitioner's Unlawful Detention Pleading." (Rec. Doc. No. 10). Madden objects that the Magistrate Judge in his report and recommendation does not address the merits of the claims he raises in his petition.[3]

**DISCUSSION:**

## I.  RELEVANT LEGAL STANDARD

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## II.  SECTION 2255 IS NOT INADEQUATE OR INEFFECTIVE

We agree with the magistrate judge's determination that Madden's failure to demonstrate that the remedy created in 28 U.S.C. § 2255 is inadequate or

---

[3] Madden makes a second argument in which he confuses the role of the magistrate judge and the role of a respondent in a habeas corpus proceeding. (See Rec. Doc. No. 10, at 3.)

3

ineffective to test the legality of his detention precludes this court from considering the merits of the claims asserted in his instant petition.

Madden's reference to the International Covenant of Civil and Political Rights does not alter that conclusion. The portion of that treaty relied upon by Madden provides that "anyone who is deprived of his liberty by . . . detention shall be entitled to take proceedings before a court, in order that the court may decide without delay on the lawfulness of his detention and order his release if the detention is not lawful."  International Covenant of Civil and Political Rights, Art. 9, ¶ 4.  Initially, we note that it appears as though the requirements of that text were met when Madden filed his appeal and his post-conviction motions.

To the extent that Madden contends that he is entitled to some further review pursuant to that treaty, the treaty is not self-executing and therefore may not be enforced in a court.  See Macharia v. United States, 238 F. Supp. 2d 13, 29-30 (D.D.C.  2002) ("Courts have uniformly held that the ICCPR is not self-executing and that, therefore, it does not give rise to a private right of action.")

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Judge Andrew Smyser's Report and

Recommendation is adopted in full.  (Rec. Doc. No. 9.)

    2.    Madden's petition for writ of habeas corpus is dismissed.  (Rec. Doc. No. 1.)

    3.    The Clerk is directed to close the case file.

                                      s/ James F. McClure, Jr.
                                        James F. McClure, Jr.
                                      United States District Judge